Dear Mr. Theriot:
As Chairman of the Louisiana State Board of Tax Appeals, you ask this office to advise whether a member of the Board of Tax Appeals may also hold the position of domestic hearing officer for the Thirteenth Judicial District Court in Evangeline Parish.
As factual background, you advise that Mr. Gary Ortego is a current member of the Louisiana State Board of Tax Appeals. Mr. Ortego is currently under consideration for the position of domestic hearing officer for the Thirteenth Judicial District Court in Evangeline Parish, a position he intends to accept, if not prohibited by state law.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq. govern our response to your question. These provisions set forth certain combinations of public office and/or public employment which a person may not hold at the same time. Prior to applying any applicable statutory prohibitions, the positions held must be properly categorized as "appointive office", "elective office" or "employment", as these terms are defined by La.R.S. 42:62.
Of further import in the instant matter are the definitions of "executive branch of state government" and "judicial branch of state government" in La.R.S. 42:62(6) and (8). These definitions are significant, in that the dual officeholding law generally prohibits one from holding at the same time positions in different branches of state government. See La.R.S. 42:63(B), discussed infra.
Turning to an examination of the first position, a member of the Louisiana State Board of Tax Appeals is appointed by the governor to this position under the *Page 2 
authority of La.R.S. 47:1402.[1] Thus, a member of the Board of Tax Appeals holds "appointive office", as this phrase means and includes "any office in any . . . board . . . which is specifically established or specifically authorized by the constitution or laws of this state. . .which is filled by appointment. . .by an elected or appointed public official. . ."
The Board of Tax Appeals is an agency "of the executive branch of state government" transferred to the office of the governor pursuant to La.R.S. 36:4(B)(p). La.R.S. 47:1401 is the statute which creates the Board of Tax Appeals and therein. defines the Board "as an independent agency in the executive department of the state government". Thus, a member of the Board of Tax Appeals holds "appointive office" within the "executive branch of state government" as that phrase is defined by La.R.S. 42:62(6), providing, in pertinent part:
 (6) The executive branch of state government includes the following named officers and all other officers, agents, employees, or other persons holding or exercising an employment with them, namely, the governor. . .The executive branch shall also include the officers, members, agents, and employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation.
Regarding the second position of hearing officer for the Thirteenth Judicial District Court in Evangeline Parish, we note that the courts having jurisdiction over child support and paternity matters are empowered to appoint a hearing officer in order to expedite the hearing process in these domestic matters. La.R.S. 46:236.5 provides, in pertinent part:
 C. An expedited process for the establishment of paternity and the establishment and enforcement of support and other related family and domestic matters in district courts using hearing officers may be implemented as follows: *Page 3 
 (1) The judge or judges of the appropriate court or courts for the establishment of paternity or the establishment and enforcement of support and other domestic and family matters may appoint one or more hearing officers to hear paternity, support, and other domestic and family related matters. . .(Emphasis added).
Thus, a person appointed to the position of hearing officer by the Thirteenth Judicial District Court in Evangeline Parish, as authorized by La.R.S. 46:236.5, holds "appointive office" within the "judicial branch of state government", as that phrase is defined by La.R.S.42:62(8), providing, in pertinent part:
 (8) The judicial branch of state government includes all judges, employees, and agents of. . .district courts. . .and any other judicial offices and instrumentalities of the state. . .
The dual officeholding law generally prohibits one from holding positions in different branches of state government. La.R.S. 42:63(B) states:
 B. Except as otherwise provided by the Louisiana constitution, no person holding office or employment in one branch of the state government shall at the same time hold another office or employment in any other branch of the state government.
La.R.S. 42:63(B) quoted above tracks the language of La.Const. Art. II § 2 which provides:
 Section 2. Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others.
In Saint v. Allen, 169 La. 1046 (La. 1930), the Louisiana Supreme Court defined the term "exercise power" as used in La.Const. Art. II § 2, as follows:
 It is not necessary, to constitute a violation of the article, that a person should hold office in two departments of government. It is sufficient if he is an officer in one department and at the same time is employed to perform duties or exercise power, belonging to another department. The words "exercise power" speaking officially, mean perform duties or functions. Saint, at 1067; (Emphasis added).
A member of the Board of Tax Appeals for the State of Louisiana performs duties or functions within the executive branch of state government, while a domestic hearing officer for the Thirteenth Judicial District Court in Evangeline Parish *Page 4 
performs duties or functions within the judicial branch of state government. Under the Saint analysis, this scenario violates the constitutional provision prohibiting a person from at the same time exercising powers belonging to separate branches of state government.
We conclude a member of the Louisiana State Board of Tax Appeals is prohibited from at the same holding the position of domestic hearing officer for the Thirteenth Judicial District Court in Evangeline Parish.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ KERRY L KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 47:1402 states:
A. The Board shall be composed of three members who shall be qualified electors of the state. Each member shall be appointed by the governor and shall serve at the pleasure of the governor. Vacancies shall be filled in the manner of the original appointment.
B. Each appointment to the board by the governor shall be submitted to the Senate for confirmation.
C. The term of members in office prior to twelve o'clock noon on July 16, 1984 shall be deemed to have terminated as of July 16, 1984; however, any such member shall remain in office until his successor is appointed and takes office.